UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 16-067-DCR |
| | ) | Civil Action No. 5: 22-252-DCR |
| V. | ) | |
| | ) | |
| STANFORD RAY COLEMAN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Stanford Ray Coleman filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that his appellate counsel was ineffective for failing to challenge his enhancement as a career offender under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Consistent with local practice, the Court referred the matter to a United States Magistrate Judge for preparation of a Report and Recommendation (R&R). United States Magistrate Judge Matthew A. Stinnett issued an R&R on February 7, 2023, recommending that the Court grant Coleman's § 2255 motion. Following review of the R&R, and in the absence of objections from either party, the Court will grant Coleman's motion and schedule the matter for a resentencing hearing.

Magistrate Judge Stinnett engaged in a thorough discussion of *Havis* and its progeny, so the Court will not repeat that analysis here. Suffice it to say, these cases (decided after Coleman's sentencing hearing) clarified that conspiracy and attempt crimes do not constitute "controlled substance offenses" for purposes of the United States Sentencing Guidelines career

offender provision. *See* U.S.S.G. § 4B1.1; *United States v. Butler*, 812 Fed. App'x 311, 314 (6th Cir. 2020).

Coleman filed an appeal following his sentencing hearing and initially was represented by counsel appointed under the Criminal Justice Act. However, in December 2019, Coleman filed a *pro se* motion to hold the proceedings in abeyance so that he could retain counsel of his choosing. The Sixth Circuit granted his motion and attorney Louis William Rom entered an appearance on March 27, 2020. Rom then filed an appellate brief on June 1, 2020, but did not argue that Coleman should not be considered a career offender under § 4B1.1 even though one of his predicate convictions was for conspiring to distribute oxycodone. This brief was filed *after* the Sixth Circuit's decision in *Butler*, which extended the holding in *Havis* to conspiracy crimes. The undersigned agrees with the Magistrate Judge's conclusion that this aspect of Rom's performance fell below an objective standard of reasonableness. Further, had Rom raised the issue on appeal, it is likely that the Sixth Circuit would have vacated Coleman's sentence and remanded the case for a new sentencing hearing.

The undersigned also agrees that the United States has not met its burden of demonstrating that application of the career offender enhancement was harmless. *See United States v. Davis*, 2021 WL 5782360 (6th Cir. Dec. 7, 2021). However, the Court rejects the portion of the R&R in which the Magistrate Judge speculates regarding the sentence Coleman would have received in the absence of the career offender enhancement. While the Court discussed the impact the career offender enhancement had on the defendant's guidelines range, it did not determine what sentence would have been imposed in the absence of the enhancement.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 196] is **ADOPTED**, in part, and **REJECTED**, in part, as discussed herein.

2. The defendant's motion for relief under 28 U.S.C. § 2255 [Record No. 185] is **GRANTED** to the extent he seeks to be resentenced.

3. This matter is scheduled for a resentencing hearing on **Friday, June 16, 2023,** beginning at the hour of **9:00 a.m.**, at the United States Courthouse in **Lexington, Kentucky**. The Clerk of the Court is directed to randomly assign a new attorney to represent the defendant pursuant to the provisions of the Criminal Justice Act. New counsel shall obtain and submit from Defendant Coleman a financial affidavit addressing his indigency status. In the event Coleman's presently retained attorney (S. Allen Early) seeks to represent Defendant Coleman on resentencing, he shall take appropriate steps for admission in this district.

4. The United States Marshal is directed to take custody of Defendant Coleman, who is currently confined at Hazelton FCI, and bring him in custody before the United States District Court at **Lexington, Kentucky** on **Friday, June 16, 2023,** beginning at the hour of **9:00 a.m.**

5. The parties are directed to file sentencing memoranda **no less than twenty days prior to the resentencing hearing**.

Dated: February 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky